IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY FLORIDA

CASE NO.: 23001434CA

BARBARA ZALENSKI,

    Plaintiff,

vs.

THE HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Barbara Zalenski ("Plaintiff"), by and through undersigned counsel sue the Defendant The Hartford Insurance Company Of The Midwest ("Defendant"), and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for damages greater than $50,000.00 exclusive of interest, costs, and attorney's fees.

2. At all material times hereto, Plaintiffs owned the property insured by Defendant located at 4035 San Massimo Drive Punta Gorda, FL 33950 (the "Property").

3. The policy of insurance sued upon was issued by Defendant to Plaintiffs in Charlotte County, Florida.

4. At all times material hereto, Defendant was and is a Corporation duly licensed to transact business in the State of Florida and does business, has offices, and/or maintains agents for the transaction of its customary business in Charlotte County, Florida.

5. Jurisdiction and venue are proper in Charlotte County, Florida.

## **GENERAL ALLEGATIONS**

6. In consideration for the premiums paid to Defendant, prior to 09/28/2023, Defendant issued an insurance policy, identified by policy number PP0019563313 (the "Policy") to the Plaintiffs. *A certified, true and correct copy of the Policy is not in the possession of Plaintiffs, but is in the care, custody and control of Defendant. Upon receipt of the Policy, a certified copy of the policy will be filed with this Court. The Policy will be produced during discovery and will be filed by Plaintiffs upon receipt.*

7. The Policy issued by Defendant included coverage for the dwelling, other structures, personal property, and loss of use suffered by Plaintiffs.

8. The Policy issued by Defendant provides coverage to the Property when a windstorm event causes direct physical loss and ensuing damage to the Property.

9. The Policy issued by Defendant provides coverage for the property and for reasonable repairs or replacement in the event of a covered loss.

10. The Policy requires the Defendant to repair and/or replace covered losses with material of like kind and quality.

11. At all times material hereto, including on 09/28/2023, the date of loss, the Policy was in full force and effect.

12. At all times prior to the date of loss and during the effective Policy period, Defendant collected and retained insurance premium payments from the Plaintiffs.

13. Defendant's policy for the building and other structures portions of the Policy is an "all risk" policy that covers all direct physical losses to the Property that are not otherwise expressly excluded.

14. All conditions precedent to obtaining payment of insurance benefits under the Policy have been complied with, met, or waived.

15. At all times material hereto, Defendant was not immune from liability for breach of contract pertaining to insurance coverage.

## COUNT I – BREACH OF CONTRACT

Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 15 above.

16. This is a cause of action for breach of contract arising out of an insurance Policy that was in effect at the time of the loss to the insured Property.

17. Pursuant to the Policy, Defendant is responsible for payment of all amounts due and owing under the terms and conditions of the Policy in the event of a covered loss.

18. On or about 09/28/2023, the Plaintiffs property was damaged by a covered windstorm loss (the "Loss").

19. The Loss caused the Plaintiffs to suffer economic damages to the Property, including physical loss to dwelling.

20. Plaintiffs gave timely notice of the Loss and resulting damages sustained to the Property to Defendant and/or its authorized agents, employees, or representatives.

21. Defendant was provided with prompt and timely notice of the Claim.

22. Defendant responded to the Loss by assigning claim number Y3N DP 21974 (the "Claim").

23. Defendant was afforded the opportunity to fully inspect the Loss, investigate the cause of the Loss, and quantify the amount of the Loss.

24. In response to the reported Loss, Defendant conducted and completed an inspection of the Property.

25. Defendant's inspection of the Property and reported Loss evidenced covered damages in the replacement cost value totaling $8,980.07.

26. Defendant does not contest the Property sustained a covered Loss under the terms and conditions of the Policy.

27. Defendant issued a payment in the net amount of $7,980.07 in response to the Claim after applying the applicable deductible.

28. Defendant's coverage determination, estimate of damages and payment fail to address the applicable building codes and ability to find material of like, quality or kind in connection with the undisputed damages sustained to the Property and costs to make the repair and/or replacement services necessary to return the Property to its pre-loss condition.

29. Defendant's inspection of the Property and reported Loss severely undervalued the damages sustained to the Property.

30. Defendant breached the Policy by failing to pay the actual cash value of the Loss.

31. Defendant breached the Policy by failing to pay the replacement cost value of the Loss.

32. Defendant breached the Policy by failing to return the Property to its pre-loss condition.

33. Defendant breached the Policy by failing to perform its contractual obligations under the Policy and remit full payment owed to Plaintiffs.

34. Defendant's breach deprived the Plaintiffs of the expected benefits of being paid for the cost necessary to return the Property to its pre-loss condition.

35. Therefore, Defendant violated Fla. Stat. Section 627.7011 for not paying the actual cash value of the loss.

36. Plaintiffs have been damaged as a result of Defendant's breach in the form of insurance benefits due and owing, plus interest, costs, and attorney's fees.

37. The Plaintiffs have complied with and performed all conditions precedent to file this instant action and recover all insurance benefits and/or proceeds owed under the Policy pursuant to the Claim.

38. The Plaintiffs are in compliance with all duties imposed upon the Plaintiffs under the subject insurance Policy to receive payment of the Claim, and/or such duties, obligations and conditions have been waived or excused by Defendant's actions and/or inactions, prior to the filing of this action.

39. As a direct and proximate result of Defendant's actions, the Plaintiffs have been obligated to retain the undersigned attorney to bring this action and are entitled to reasonable attorney fees and costs pursuant to any and all applicable Florida Statute.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for any and all amounts owed under the subject insurance policy, damages, prejudgment interest, attorney's fees and costs as well as such other relief as the Court deems just and proper and further demands trial by jury of all issues triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiffs herein demand a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE ON FOLLOWING PAGE

## CERTIFICATE OF SERVICE

THIS COMPLAINT IS DATED and Signed on this day of April 10, 2023 and was filed by:

> JT LAW FIRM, PA
> Attorney for Plaintiff
> 7700 Congress Ave Suite 1103
> Boca Raton FL 33487
> 855-585-2997
> Service of pleadings: info@jtlawfirm.net

> BY: /s/ Monica Balyasny_____
> Monica Balyasny, Esq.
> Fla. Bar No. 101649
> John Tolley, Esq.
> Fla. Bar No. 112223
> Joshua Brownlee, Esq.
> Fla. Bar No. 1024665